Cite as 2022 Ark. 111

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE VIRTUAL AND BLENDED COURT PROCEEDINGS, ADOPTION OF REVISED RULE 43, AND NEW RULE 88 OF THE ARKANSAS RULES OF CIVIL PROCEDURE | **Opinion Delivered:** May 19, 2022 |

## PER CURIAM

Recognizing recent developments in modern video- and audio-transmission technology, the court was asked to consider the circumstances under which testimony could be taken by contemporaneous transmission from a location outside the physical courtroom. Proposed amendment to Rule 43 and proposed Rule 88 of the Arkansas Rules of Civil Procedure address "virtual" and "blended" court proceedings. The proposals were published for comment on January 27, 2022. *See In re Virtual and Blended Court Proceedings, Revised Rule 43, and New Rule 88 of the Arkansas Rules of Civil Procedure*, 2022 Ark. 13 (per curiam).

Having reviewed all comments received, we adopt and republish the rules as set out below, which shall take effect June 1, 2022. Furthermore, the Addition to Reporter's Notes, 2005 Amendment, is withdrawn.

RULE 43. TAKING OF TESTIMONY.

(a) *Form.* In all trials, the testimony of witnesses shall be taken in open court, unless otherwise provided by these rules, including Rule 88 relating to virtual and blended court proceedings, or as otherwise provided by law.

(b) *Affirmation in Lieu of Oath*. Whenever under these rules an oath is required to be taken, a solemn affirmation may be accepted in lieu thereof.

(c) *Evidence on Motions*. When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition.

(d) *Interpreters*. The court may appoint an interpreter of its own selection and may fix his reasonable compensation. The compensation shall be paid out of funds provided by law or by one or more of the parties as the court may direct, and may be taxed ultimately as costs, in the discretion of the court.


RULE 88. VIRTUAL AND BLENDED COURT PROCEEDINGS.

(a)     The court has discretion to conduct hearings or trials as "virtual" or "blended" proceedings as set forth in this Rule.

(1)     "Virtual proceedings" are proceedings in which all parties, counsel, the court reporter, witnesses, and the judge are simultaneously participating in the proceeding via electronic means.

(2)     "Blended proceedings" are proceedings in which at least two of the above individuals are participating in the proceeding from the physical courtroom and at least one of the above is participating simultaneously via electronic means.

(b)     Hearings or non-jury trials may be conducted as "virtual" or "blended" proceedings upon a determination by the court of the following:

(1)     Procedures are in place to protect the constitutional, statutory, and procedural rights of parties;

(2)     Means exist for taking and preserving a concurrent record;

(3)     Clear and practical procedures are in place for the consideration of evidence;

(4)     The technical ability exists for all necessary individuals to participate meaningfully; and

(5)     The public has access to any proceedings that would otherwise be open.

(i)     Public access may be satisfied by the virtual proceedings being simulcast in the physical courtroom upon request of any member of the public present at the courtroom.

(ii)     No advance notice to the public that a blended hearing or trial will proceedunder this Rule is required. A virtual hearing shall require that public notice be posted on the door of the courtroom or other regular place for posting scheduling notifications at least one hour prior to the beginning of the virtual hearing or trial. The public notification for the virtual hearing shall include instructions and contact

information for requesting access to view the virtual hearing either in the courtroom or by other means that may be available, as determined by the circuit court.

   (iii) No additional measures are necessary for blended proceedings so long as the audio/visual display in the courtroom is sufficient for members of the gallery to witness the proceedings reasonably.

(c) Jury trials may be blended only as to specific witnesses or the court reporter at the discretion of the judge, given the safeguards described under section (b) above are met, but parties, counsel, the judge, and the jury must all be present in the physical courtroom.

(d) Requests for "virtual" or "blended" proceedings may be raised as follows:

  (1) The parties by joint motion may manifest their agreement to "virtual" or "blended" proceedings as set forth in this Rule.

  (2) Any party may move the court to conduct "virtual" or "blended" proceedings as set forth in this Rule.

   (i) The motion must set forth how the safeguards in section (b) of this Rule are to be met.

   (ii) The motion may not be granted absent an opportunity for all parties to respond under these Rules and be heard.

  (3) The court on its own motion may notify the parties of its intent to conduct a hearing or trial as "virtual" or "blended" proceedings.

   (i) The notice must set forth how the safeguards in section (b) of this Rule are to be met.

   (ii) The court may not proceed with "virtual" or "blended" proceedings absent an opportunity for all parties to be heard.

(e) Virtual or blended circuit court proceedings may not be broadcast, recorded, photographed, or otherwise published by anyone except the court in order to comply with section (b)(5) or as otherwise allowed under the conditions described in Arkansas Supreme Court Administrative Order No. 6.